KENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHARTERED
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS 67402-2567
(785) 825-4674 [Telephone]
(785) 825-5936 [Fax]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA, KANSAS

| | |
|---|---|
| TIMOTHY J. SMITH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 09-cv-1050-EFM-KMH |
| ROHM AND HAAS COMPANY d/b/a MORTON SALT, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff Timothy J. Smith ("Tim"), for his cause of action against Defendant, Rohm and Haas Company d/b/a Morton Salt ("Morton Salt"), states and alleges as follows:

**Parties**

1. Tim is a resident of the State of Kansas and resides at 719 E. 10th Avenue, Hutchinson, KS 67501.

2. Morton Salt is a Delaware corporation that has a salt plant in Hutchinson, Kansas. Morton Salt may be served with process via its resident agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

**Jurisdiction**

3. The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 1332 as a federal question, as the Complaint is brought under the Americans with Disabilities Act ("ADA"). **Venue**

4. Venue is proper in the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1391.

**Allegations of Fact**

5. Tim is a 48 year-old white male who began working for Morton Salt on March 16, 1998.

6. In 2002, Tim was diagnosed with Hepatitis C.

7. Subsequent to his diagnosis of Hepatitis C, Tim underwent chemotherapy and was granted six months of medical leave to do so.

8. Upon his return to work, Brian Henning ("Henning"), another worker at Morton Salt, refused to work with Tim because of his Hepatitis C.

9. When Henning complained enough, Tim was transferred to another shift where he immediately began to be subject to hostile treatment by Jeffrey Luoma ("Luoma"), including derogatory name calling.

10. Tim complained about Luoma's behavior to his supervisor, Simey Garcia ("Garcia"). However, no action was ever taken regarding Luoma's behavior.

11. Matters with Luoma reached a breaking point on August 2, 2005, while Tim was on vacation leave from Morton Salt. He was driving by Luoma's house, when Luoma

made a rude gesture.  Tim stopped his truck and began to confront Luoma.  Luoma responded by calling the police, whereupon a report was taken.

11. Tim was suspended for three days for workplace violence by Morton Salt, even though the incident with Luoma did not occur at work or on Morton Salt property.

12. Tim filed a grievance over the Luoma incident, and eventually settled the issue with an agreement to enter into a "Last Chance Agreement."

13. During the grievance process, Luoma and Garcia were arrested for selling drugs together.

14. During the twelve month period of his "Last Chance Agreement," Tim was transferred to another shift in October 2006.

15. The shift change caused Tim to work with Henning once more, who had previously complained about Tim's Hepatitis C status.

16. After about two weeks on the new shift, Tim, Henning, and Ray Reese were in the lunch room engaging in "shop talk."

17. Henning later complained to management about the "shop talk" that took place at lunch, even though he engaged in such behavior himself, and was enjoying himself at the time.

18. Thereafter, Tim was terminated by Morton Salt for engaging in "shop talk," which it considered to be improper conduct, allegedly in violation of the "Last Chance Agreement."

19. Tim was terminated on January 16, 2007.

20. At the time of his termination, Tim was a boiler operator at Morton Salt.

22. Tim filed a grievance regarding his termination, which eventually led to arbitration between his union and Morton Salt.  On November 12, 2007, the arbitrator found that Tim did not violate his "Last Chance Agreement" by his use of "shop talk," and that he was wrongfully terminated by Morton.

23. The arbitrator also found that Tim's Hepatitis C status may have been the reason for his termination, and ordered that he be reinstated with back pay and benefits.

24. Tim filed a timely charge with the Equal Employment Opportunity Commission on November 13, 2007.

25. Tim received a right-to-sue letter on December 16, 2008.

26. Tim has suffered humiliation, embarrassment and other damages due to Morton Salt's wrongful actions.

**Theories of Recovery**

**ADA**

27. Tim re-alleges and incorporates herein the allegations contained in paragraphs 1 through 26 above.

28. Morton Salt's actions constitute a violation of the ADA and entitle Tim to damages.

WHEREFORE, Tim respectfully requests that the Court enter judgment in his favor and against Morton Salt in an amount in excess of $75,000.00; that the Court award him reasonable attorneys' fees; that the costs of this action be assessed against Morton Salt; and that the Court grant such other and further relief as it deems fair and equitable in the circumstances.

RESPECTFULLY SUBMITTED,

/s/  Chris J. Kellogg
Larry G. Michel, #14067
Chris J. Kellogg, #21651
KENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHARTERED
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS  67402-2567
(785) 825-4674
ATTORNEYS FOR PLAINTIFF

## DEMAND FOR TRIAL BY JURY

Tim hereby requests, pursuant to Fed. R. Civ. P. 38(b), that all issues of fact be tried to a jury.

/s/  Chris J. Kellogg
Chris J. Kellogg

## DESIGNATION OF PLACE OF TRIAL

Pursuant to D. Kan. Rule 40.2, Tim designates Wichita, Kansas as the place of Trial.

/s/  Chris J. Kellogg
Chris J. Kellogg