# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TIMOTHY J. SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 09-1050-EFM |
| v. ) | |
| ) | |
| **MORTON INTERNATIONAL, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion for sanctions (Doc. 32). For the reasons set forth below, the motion shall be **DENIED.**

### Background

Plaintiff alleges disability discrimination in violation of the Americans with Disabilities Act (ADA). Highly summarized, plaintiff alleges that defendant illegally terminated his employment in January 2007 because plaintiff had earlier been diagnosed with Hepatitis C.[1] Defendant denies that plaintiff's termination was based on his Hepatitis C diagnosis and argues that plaintiff was terminated for violating a "last chance" agreement

---

[1] Plaintiff began working for defendant in 1998 and was diagnosed with Hepatitis C in 2002. He took a six-month medical leave for chemotherapy and then returned to work. Plaintiff's current health status is not entirely clear but it appears that he has been performing his normal work duties.

related to earlier charges of misconduct.[2]

**Plaintiff's Motion for Sanctions**

Plaintiff moves for sanctions, arguing the court should invoke its inherent authority to punish defendant for: (1) failing to make a good faith settlement offer at mediation and (2) refusing plaintiff's request for paid leave the night before the scheduled mediation.

The court has carefully considered the respective briefs and arguments concerning sanctions and is not persuaded that sanctions are warranted. With respect to plaintiff's first argument, defendant made two, albeit small, offers during mediation to settle the case and plaintiff countered with a six-figure offer. In a nutshell, the parties have widely divergent views concerning the value of the case. The court will not impose sanctions merely because one party considers an offer "unreasonable."[3]

Plaintiff's second argument is also not persuasive. Plaintiff normally worked the night shift and mediation was scheduled to commence at 10:00 a.m. on January 8, 2010. Plaintiff asked that he be excused, ***with pay,*** from working the night before the mediation. Defendant's manager responded that plaintiff could take a vacation day or use one of his

---

[2] The termination was separately grieved under a "good cause" provision in the collective bargaining agreement. An arbitrator found in favor of plaintiff and plaintiff has returned to work.

[3] The same "unreasonable" settlement offer could just as easily be asserted against plaintiff for proposing a six-figure offer. Engaging in peripheral motion practice concerning the "reasonableness" of a settlement offer is counterproductive and inefficient.

"floating holidays." Plaintiff elected not to use a vacation day or "floating holiday" and defendant assessed two attendance points against plaintiff for taking the night off.

There is no evidence that defendant treated plaintiff differently from any other employee concerning work attendance.[4] *Plaintiff* made the decision not to work his night shift and also elected not to use one of his vacation days or "floating holidays." Under the circumstances, the motion for sanctions shall be denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion for sanctions **(Doc. 32**) is **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 13th day of October 2010.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[4] Plaintiff's argument that mediation was "court ordered" and therefore should be paid for by defendant is misguided. Plaintiff took the night off *before* the scheduled mediation for his own personal rest time.